United States District Court
Southern District of Texas
ENTERED
July 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE C. HERNANDEZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:25-cv-369 |
| ERIC GUERRERO, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Defendant. | §<br>§<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION DENYING PETITION**

On December 31, 2025, Petitioner Jose C. Hernandez ("Petitioner") filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 along with a Motion to Vacate his state court guilty plea. Dkt. Nos. 1, 2. Petitioner, a state prisoner convicted of robbery in Cameron County, Texas, alleges violations of his Fifth, Sixth, and Fourteenth Amendment rights. Dkt. No. 1. p. 3-5.

On April 30, 2026, Respondent Eric Guerrero ("the State") filed the state court records, including a Texas Court of Criminal Appeals certification that no post-conviction writ of habeas corpus had been filed under the name of Jose C. Hernandez or his trial court cause number. Dkt. No. 22, Ex. 4. Federal habeas law requires a petitioner to exhaust his appellate remedies in state court before complaining to the federal courts. The issue before the Court is whether the Petitioner did exhaust his state court remedies entitling him to a federal review of his state court conviction.

It is recommended that the petition be dismissed without prejudice for failure to exhaust state remedies. Additionally, the Court recommends declining the issuance of a certificate of appealability.

## I. Background

On April 15, 2025, Petitioner, after entering a guilty plea, was convicted of robbery by the 138th District Court in Cameron County, Texas. Dkt. No. 22, Ex. 3. The state judge

sentenced him to four years imprisonment. *Id*. Petitioner did not appeal his conviction. Dkt. No. 22, Ex. 4.

On December 31, 2025, Petitioner Jose C. Hernandez filed a petition for writ of habeas corpus in this Court. Dkt. No. 1. Petitioner alleges violations of his Fifth, Sixth, and Fourteenth Amendment rights by not being served with his indictment and not being informed of his charges. Dkt. No. 1. p. 3-5.

On January 12, 2026, the Court ordered the State of Texas to file the relevant state court records and respond to Petitioner's allegations no later than April 15, 2026. Dkt. No. 9. On March 31, 2026, the State filed a Motion for Extension of Time to file its response, which the Court granted on April 6, 2026. Dkt. No. 17; Dkt. No. 18.

On April 30, 2026, the State timely filed the relevant state records. Dkt. No. 22. The records include an affidavit from Deana Williamson, a clerk with the Texas Court of Criminal Appeals, who asserts she has no record of any habeas petition being filed under trial court cause number 2024-DCR-02928-B, in the name of Jose C. Hernandez. Dkt. No. 22, Ex. 4.

On May 15, 2026, the State timely filed its response to the present petition. Dkt. No. 15. In its response, the State argues that the petition is unexhausted. *Id*.

## II. Applicable Law

### A. AEDPA's Exhaustion of State Remedies Requirement

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 516 U.S. 1050 (1996). Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *See generally*, *Castille*, 489 U.S. at 351. To avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. *Id*.

**B. Certificate of Appealability**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal of this ruling may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals....'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

§2253 also provides that a "certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(2). A petitioner satisfies this standard when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Moreno v. Dretke*, 450 F.3d 158, 163 (5th Cir. 2006).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

## III. Analysis

Petitioner proceeds pro se, without legal representation, and as such, is entitled to the liberal construction of his or her claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals because he did not file a complaint state application for habeas corpus relief. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to correct any alleged errors of federal law.

Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. It follows then that the pending petition should be dismissed as premature for lack of exhaustion.

Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court also concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability should not be issued in this case.

## IV. Recommendation

For the reasons stated above, it is recommended that the Court (1) DENY the Petition without prejudice (Dkt. No. 1); (2) DENY Petitioner's Motion to Vacate his guilty plea. Dkt. No. 2.; and (3) DECLINE to issue a certificate of appealability

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 16, 2026.

Karen Betancourt
United States Magistrate Judge